IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAJESH KUMAR, | : | |
| | : | |
| Petitioner, | : | |
| v. | : | 2:26-cv-00806 |
| | : | |
| MICHAEL T. ROSE, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 12th day of February 2026, upon consideration of Petitioner's Petition for a Writ of Habeas Corpus (Dkt. 1) and the Government's Response thereto (Dkt. 4), it is hereby ORDERED that the Petition is GRANTED as follows:

1. The Government shall RELEASE Petitioner from custody immediately and certify compliance with this Court's Order by way of docket entry, no later than Tuesday, February 17, 2026;

2. Upon release, the Government shall return all of Petitioner's personal belongings, including identification documents;

3. The Government is permanently enjoined from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2);

4. Following his release from custody, the Government is temporarily enjoined from re-detaining Petition for 7 days under 8 U.S.C. § 1226(a);

5. If the Government chooses to re-detain Petitioner under 8 U.S.C. § 1226(a) after the above mentioned 7-day period, it must provide

him with a timely bond hearing so that an appropriate tribunal may assess whether he is a flight risk or poses a danger to the community;

6. In the event of such bond hearing, the Government SHALL NOT remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania. If, after a bond hearing, it is determined that Petitioner is a danger to the community or a flight risk and that continued detention is proper, the Government may request permission of the Court to move Petitioner if unforeseen or emergency circumstances so require. Any such request must include an explanation for the request as well as the proposed destination.[1]

Petitioner may move to reopen this matter for any violations of this Order.

BY THE COURT:

*(signature)*

GAIL A. WEILHEIMER, J.

---

[1] The Government has appropriately highlighted the Fifth Circuit's recent 2-1 decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026). As an initial matter, this Court is generally not bound by circuit decisions outside its own circuit. *See Noto v. United States*, 598 F. Supp. 440, 442 n.6 (D.N.J. 1984), *aff'd*, 770 F.2d 1073 (3d Cir. 1985). Even still, in this Court's view the Fifth Circuit's majority fails to faithfully engage the meaning of Section 1226 in light of its interpretation of Section 1225. This Court is more persuaded by the dissent's view that the variation in the terms of the statute indicates a variation of meaning, and that the Government's reading of Section 1225 would render entire portions of Section 1226 superfluous. *Buenrostro-Mendez*, 2026 WL 323330, at *11 (Douglas, J., dissenting).

Separately, the fact that the Government has obtained a favorable decision on its argument outside of this circuit demonstrates its ability to appeal adverse district court decisions. This Court acknowledges the Government's candor in its disclosure that it has lost on this issue more than 150 times in this district. However, this Court views with suspicion the Government's failure to hastily

meaningful appellate review here in the Third Circuit. *See, e.g., Buenrostro-Mendez*, 2026 WL 323330, at *10 n.1 (Douglas, J., dissenting).

For the reasons articulated in *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025) (Beetlesone, C.J.), *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025) (Sánchez, J.), and *Kashranov v. Jamison*, No. 2:25-CV-05555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025) (Wolson, J.), this Court believes immediate release is necessary to ensure the appropriate habeas remedy in this matter.

Finally, to the extent Petitioner seeks costs and reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), those fees must be sought by way of separate motion. Fed. R. Civ. P. 54(2); *Michelin v. Warden Moshannon Valley Corr. Ctr.*, No. 24-2990, 2026 WL 263483 (3d Cir. Feb. 2, 2026); *see also Abioye v. Oddo*, No. 3:23-CV-0251, 2024 WL 4304738, at *2 (W.D. Pa. Sept. 26, 2024); *Daley v. Ceja*, 158 F.4th 1152, 1155 (10th Cir. 2025). This matter will be administratively closed in 14 days if no such motion is received.